IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BEARAM, | : | CIVIL ACTION NO. **3:CV-12-2080** |
| Petitioner | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| CAMERON LINDSEY, Warden, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Petitioner, Michale Bearam, formerly a federal inmate confined at FCI-Otisville, and currently an inmate confined at the Moshannon Valley Correctional Center[1] ("MVCC"), Philipsburg, Centre County, Pennsylvania, filed, *pro se*, his Second Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, on July 16, 2012, in the U.S. District Court for the Southern District of New York. (Doc. 8). In his Second Amended Habeas Petition, Petitioner stated that he was transferred from Otisville to MVCC and he requested that his case be transferred to the proper District Court.

In his Second Amended Habeas Petition, Petitioner raised Eighth Amendment denial of proper medical care claims, under *Bivens,*[2] against prison officials at FCI-Otisville as well as

---

[1] MVCC is a private facility located in Philipsburg, Centre County, Pennsylvania. (Doc. 10).

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). A *Bivens* action can be brought under 28 U.S.C. §1331 where a federal inmate seeks monetary damages from federal officials for alleged violations of his constitutional

negligence claims under the Federal Tort Claims Act ("FTCA"). Petitioner also requested injunctive relief directing Respondent to transfer him from MVCC to a medical facility which specialized in kidney treatment and tumor care, and where a certified nephrologist was on staff. Respondent filed a response on October 4, 2012, requesting that the court to transfer Petitioner's claim for injunctive relief to the U.S. District Court for the Middle District of Pennsylvania, and to dismiss Petitioner 's civil claims under the Eighth Amendment and the FTCA as duplicative of the claims he raised in his prior suit, *Bearam v. Sommer*, No. 12 Civ. 1858, in the U.S. District Court for the Southern District of New York.

On October 9, 2012, the U.S. District Court for the Southern District of New York issued an Order and dismissed Petitioner 's constitutional claims under *Bivens* and his FTCA claims without prejudice. The Court also transferred Petitioner's habeas petition seeking injunctive relief to the U.S. District Court for the Middle District of Pennsylvania. (Doc. 13). Petitioner's habeas case was received by the U.S. District Court for the Middle District of Pennsylvania on October 17, 2012. (Doc. 14). Named as sole Respondent is Cameron Lindsey, Warden at MVCC.[3]

The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner essentially claims that he did not receive proper treatment for his

---

rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

[3]Petitioner named the correct Respondent in his second amended habeas petition, namely, the Warden at his current place of confinement. Since this action is a habeas petition, and since Petitioner is presently confined at MVCC, the Warden at this facility is the proper Respondent. *See* 28 U.S.C. § 2242 and § 2243. Petitioner's habeas petition was transferred to this Court since Petitioner is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

advanced kidney condition and tumor condition when he was confined in FCI-Otisville. Thus, Petitioner claims that his conditions got worse and that when he arrived at MVCC he was examined and it was "acknowledged that he was suffering from kidney disease and pheochromacytoma tumor." (Doc. 8, p. 4). Petitioner states that MVCC does not know how to treat his diseases, and that he requested to be transferred to a prison facility that is equipped to handle his conditions. Petitioner states that MVCC staff denied his request for a transfer. Petitioner claims that since he remains in MVCC where staff does not know how to treat his conditions, his eye sight is being damaged by the progression of his failing kidney and his health is rapidly deteriorating. (*Id.*, p. 5). As stated, Petitioner requests as relief that the court transfer him from MVCC to a medical facility which specializes in kidney treatment and tumor care, and where a certified nephrologist is employed. (*Id.*, p. 6).

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.* , 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[4]

We find that the Court should dismiss Petitioner Bearam's §2241 habeas petition without prejudice to any right he may have to reassert his present claims in a properly filed civil rights

---

[4]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

complaint under *Bivens*. We find that a habeas petition is not the proper vehicle for Petitioner to raise his present claims essentially challenging the conditions of his confinement at MVCC. *See Canals-Santos v. Ebbert,* 2010 WL 956409 (M.D. Pa. March 11, 2010).[5]

**II. Discussion.**

As mentioned, a habeas petition may be summarily dismissed before it is served on Respondent for a response "when the petition is frivolous, or obviously lacking in merit, or where the necessary facts can be determined from the petition itself ... ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)("[T]he District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."), *cert. denied*, 400 U.S. 906, 91 S.Ct. 147 (1970).

To the extent that an inmate is challenging the fact or length of his incarceration, as well as the legality of his present confinement, these are habeas claims. However, an inmate who is challenging the conditions of his confinement as unconstitutional must assert these claims in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d at 542, stated:

whenever the challenge ultimately attacks the 'core of habeas' -- the

---

[5]We note that the *Canals-Santos v. Ebbert* case is directly on point with the present case.

4

> validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate. (Emphasis added).

Petitioner can file a petition for writ of habeas corpus under 28 U.S.C. §2241 if he contends that his confinement in prison is unlawful. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005). Petitioner must raise constitutional claims regarding the conditions of his confinement at MVCC, such as the lack of proper medical care in violation of the Eighth Amendment, in a *Bivens* civil rights action under §1331 after he completes exhaustion of the claims *via* the prison's administrative remedy process.[6] The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973). We find that Petitioner Bearam is not attacking his federal court sentence as unlawful and is not implicating relief that may alter the term of his confinement in prison. Thus, he cannot raise his claims in a §2254 habeas petition. Rather, he must file a civil rights action. *See Muhammad v. Close*, 540 U.S. 749, 124 S. Ct. 1303, 1304 (2004 (Per Curiam); *Leamer v. Fauver*, 288 F. 3d at 542.

---

[6]Prior to filing a civil rights action in federal court, an inmate must utilize the grievance procedure available in the prison. The inmate must exhaust all of his available administrative remedies with respect to each of his claims prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Jones v. Bock*, 549 U.S. 199, 215 (2007).

In the *Canals-Santos v. Ebbert* case, 2010 WL 956409, *2, the Court stated:

> it is clear that [Petitioner's] claim that FCC Allenwood staff have failed to provide him with adequate medical treatment is a challenge to the conditions of his confinement. His requests that this Court direct Respondent to provide him with medical treatment and/or direct his transfer to a different institution are requests for injunctive relief. The granting of these requests would not affect the fact or duration of his confinement, and thus they are not properly pursued through a habeas petition. [footnote and citation omitted] Rather, [Petitioner] may pursue [his requests] in a properly filed civil rights action.

With respect to Petitioner's present habeas claims that he should not be incarcerated in MVCC since its staff does not know how to treat his conditions, we do not find he is contending that his confinement in MVCC is unlawful or that he is seeking speedier or immediate release from confinement. As such, we find that Petitioner's present claims are not properly raised in a habeas petition.

Therefore, we will recommend that Petitioner Bearam's instant habeas petition (Doc. 8) be dismissed without prejudice to any right he may have to raise his instant claims in a §1331 civil rights action.[7] *See Canals-Santos v. Ebbert, supra.*

---

[7]We do not determine if Petitioner Bearam has stated any cognizable violations of his constitutional rights with respect to his present claims. However, we note that Bearam has no constitutional right to confinement in any particular prison, facility or rehabilitative program. *See Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). Further, Bearam has no constitutional right to any particular classification or custody level in prison. *See Wilson v. Horn*, 971 F.Supp. 943, 947 (E.D. Pa. 1997).

**III. Recommendation.**

Based on the foregoing, it is respectfully recommend that Plaintiff Bearam's Second Amended Habeas Petition **(Doc. 8)** be dismissed without prejudice to any right he may have to raise his instant claims in a §1331 civil rights action.

 s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: October 22, 2012**

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL BEARAM,                    :      CIVIL ACTION NO. **3:CV-12-2080**
                                   :
    Petitioner         :      (Judge Caputo)
                                   :
v.                                 :      (Magistrate Judge Blewitt)
                                   :
CAMERON LINDSEY, Warden,           :
                                   :
                                   :
    Respondent         :

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 22, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,

need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 22, 2012**